On the suit of Lucien V. Alexis and Gustave C. Chapital, Jr., a preliminary injunction was issued against the appellants, Supreme Industrial Life Insurance Company, Inc., Frank J. Walker and Raleigh J. Coker (the two individuals being officers, directors and stockholders of the corporation), restraining, enjoining and prohibiting them from holding, on January 6, 1948, or on any other date, a meeting of the stockholders of the corporation for the purpose of electing directors for the corporation, until a final decree and judgment has been rendered and signed in the suit involving the ownership of 41 2/3 shares of the capital stock of the corporation, which suit is entitled: "Gustave C. Chapital, Jr., v. Frank J. Walker, et al."
A full discussion of the internal affairs of the defendant corporation will be found in two opinions handed down by us this day.
[1] The sole defense made in this court is contained in a short statement in the brief of appellants, as follows: "The question of the propriety of the preliminary injunction is moot once the stock ownership suit is decided, therefore we submit the proper action of this Court will be to remand this matter for trial on its merits."
We do not agree with counsel that once the stock ownership litigation is decided by this court that we should hold the question of the propriety of the preliminary injunction is moot and recall the writ, for it may well be that application will be made to the Supreme Court of Louisiana for writs in the stock ownership suit, which would then deprive the plaintiffs herein of the protection which the preliminary injunction appealed from gives them. *Page 907 
[2] The voting of the 41 2/3 shares of the disputed stock has been enjoined in Chapital v. Walker, et al., La. App.,35 So.2d 900. If a meeting of stockholders is held at this time for the election of a new board of directors, the Chapital-Alexis faction would be deprived of the benefit of the voting power of said disputed shares, and the said faction will be in the minority due to the disproportionate distribution of the stock which could be voted. To deprive Chapital of the right to vote this stock would undoubtedly cause him irreparable injury, in view of the tense situation which exists in the scrambled affairs of the corporation. We believe that justice and equity dictate that there should be no stockholders meetings until such time as the ownership of the 41 2/3 shares of stock is finally judicially determined and the full voting power can participate at the election of new directors. The status quo should be maintained until then.
For the reasons assigned, the order appealed from, granting the preliminary injunction, is affirmed.
Affirmed.